# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHARLOTTE HAMILTON, DEPENDENT OF CARNEY HAMILTON (DECEASED),**
**Claimant Below, Petitioner**

**FILED**
**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-533**          (JCN: 900055180)

**MID-STATE MECHANICAL, INC.,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER IN ITS CAPACITY AS ADMINISTRATOR OF THE OLD FUND,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Charlotte Hamilton, Dependent of Carney Hamilton (Deceased), appeals the October 30, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Offices of the Insurance Commissioner in its capacity as administrator of the Old Fund ("Old Fund") filed a response.[1] Ms. Hamilton did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claimant's application for fatal dependents' benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 23, 1990, the decedent, Carney Hamilton, suffered a compensable traumatic brain injury ("TBI") after falling from a ladder while employed by Mid-State Mechanical, Inc. Mr. Hamilton was granted a permanent total disability ("PTD") award due to this injury. Medical records from 2017 indicate that Mr. Hamilton had difficulty speaking due to dysarthria, suffered from post-traumatic stress disorder after serving in the

---

[1] Ms. Mullins is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Old Fund is represented by James W. Heslep, Esq. Mid-State Mechanical, Inc. did not appear.

1

military during the Vietnam War, suffered from a seizure disorder, suffered from dementia, and was showing early signs of Parkinson's disease. The records further indicate that Mr. Hamilton suffered cognitive changes after returning from Vietnam, which worsened due to his TBI.

On January 31, 2021, Mr. Hamilton was seen by Courtney Cundiff, M.D., in the Ruby Memorial Hospital Emergency Room. Mr. Hamilton presented with generalized weakness, slurred speech, and altered mental status. Mr. Hamilton reported suffering similar episodes previously. On June 31, 2021, Mr. Hamilton was seen by Nathaniel Mohney, M.D. Dr. Mohney indicated that Mr. Hamilton had difficulty speaking, but he was otherwise alert and had appropriate knowledge and comprehension. A medical report dated July 14, 2021, indicates that Mr. Hamilton required 24-hour supervision due to his impulsive behavior, poor judgment, and wandering behavior. The records further indicate that Ms. Hamilton had to assist him with most activities of daily life.

Mr. Hamilton died on April 6, 2022, due to a mediastinal mass. Mr. Hamilton's dependent spouse, Charlotte Hamilton, filed an application for fatal dependents benefits dated June 17, 2022. In her application, Ms. Hamilton explained that, due to his severe head injury, Mr. Hamilton was unable to communicate his problems to her or his doctors and, thus, his mediastinal mass went undetected until it was too late to be treated. Attached to the application was a progress note from Michael Hildreth, PA-C, dated June 13, 2022. PA Hildreth indicated that Mr. Hamilton had communication difficulties related to his TBI, including an inability to relate his pain and symptoms, which could have delayed the diagnosis of his cancer. On July 7, 2022, the claim administrator issued an order rejecting Ms. Hamilton's application for fatal dependents' benefits due to a finding that Mr. Hamilton's compensable injury did not cause his death. Ms. Hamilton protested this order.

Ms. Hamilton was deposed on January 11, 2023. She testified that Mr. Hamilton suffered a TBI on April 23, 1990, for which he was granted a PTD award. Ms. Hamilton stated that she took care of Mr. Hamilton for thirty-two years following his TBI. Ms. Hamilton further testified that Mr. Hamilton had problems communicating and expressing himself to his doctors. Ms. Hamilton stated that Mr. Hamilton's tumor was discovered after he fell and injured his ribs. Ms. Hamilton testified that she believed that Mr. Hamilton was unable to express what was going on with the tumor, but he had indicated that he had back pain shortly before the discovery. Ms. Hamilton stated that Mr. Hamilton's doctors told her that the tumor was discovered too late, and treatment was not an option.

On October 30, 2023, the Board affirmed the claim administrator's order rejecting Ms. Hamilton's application for fatal dependents' benefits, finding that Mr. Hamilton's compensable injury did not materially contribute to the illness that caused his death. The Board further found that there was no evidence to support a finding that the mass was symptomatic before it was discovered. Ms. Hamilton now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Ms. Hamilton argues that the Board disregarded evidence indicating that Mr. Hamilton had issues with communication due to his compensable TBI. Ms. Hamilton further argues that it is reasonable to infer based on PA Hildreth's statement and the medical evidence that Mr. Hamilton's compensable TBI caused a delay in finding the tumor, which materially contributed to his death. We disagree.

The Supreme Court of Appeals of West Virginia held in Syllabus Point 3 of *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991) that, "[t]he appropriate test under W.Va. Code § 23-4-10(b) is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the injury or disease contributed to any material degree to the death."

Here, the Board determined that Ms. Hamilton failed to establish with medical evidence that Mr. Hamilton's TBI materially contributed to his death. The Board noted that PA Hildreth opined that Mr. Hamilton's TBI could have delayed the discovery of the mass. However, the Board further found that there was no evidence that the mass was symptomatic before it was discovered, and thus, no evidence to support a finding that Mr. Hamilton's TBI delayed the discovery of the mass.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Hamilton failed to establish with medical evidence that Mr. Hamilton's TBI materially contributed to his death. "[A] reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the [lower tribunal's] account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 5, *W. Va. State Police v. Walker*, 246 W. Va. 77, 866 S.E.2d 142 (2021), citing Syl.

Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Further, our review is deferential to the Board. West Virginia Code § 23-5-12a(b) sets forth the same standard of review as was previously required of the Board when it reviewed decisions by the Office of Judges per West Virginia Code § 23-5-12 before the 2021 statutory amendments became effective. In considering West Virginia Code § 23-5-12, the Supreme Court of Appeals of West Virginia stated that the Board was required to accord deference to the decisions by the Office of Judges. *See Conley v. Workers' Comp. Div.*, 199 W. Va. 196, 203, 483 S.E.2d 542, 549 (1997).

Accordingly, we affirm the Board's October 30, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear


Chief Judge Thomas E. Scarr, not participating